The STATE of Ohio, Appellant,

v.

RHUDE, Appellee.

[Cite as *State v. Rhude* (1993), 91 Ohio App.3d 623.]

Court of Appeals of Ohio,
Warren County.

No. CA93–03–027.

Decided Nov. 22, 1993.

624

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Gregory M. Clark,* Assistant Prosecuting Attorney, for appellant.

*Jack Quinn,* for appellee.

WALSH, Judge.

Plaintiff-appellant, the state of Ohio ("state"), appeals from a decision of the Warren County Court of Common Pleas granting the oral motion to suppress

evidence filed by defendant-appellee, Bryan Rhude ("appellee").[1]

The record reveals that on November 8, 1992, at approximately 1:30 a.m., Warren County Sheriff's Deputy Dan Wallace observed appellee drive his motor vehicle down a lane, later determined to lead to his own residence, turn around, and drive back out onto the road. Wallace then observed appellee drive slowly down the road a distance of approximately .2 miles and pull into another driveway. According to Wallace, appellee's vehicle was traveling approximately thirty m.p.h. in a thirty-five m.p.h. zone. Wallace testified that although he did not observe appellee operating his vehicle in an impaired or erratic manner or violating any traffic laws, because police had received many complaints concerning prowlers and burglaries in the area, he decided to stop appellee's vehicle and ask for identification.

In conversing with appellee, Wallace detected a strong odor of alcoholic beverage on appellant's breath, accompanied by slurred speech. Wallace also noticed several empty beer cans on the passenger side on the floorboard of the vehicle. After being given a field sobriety test, appellee was arrested and cited for driving while under the influence of alcohol in violation of R.C. 4511.19 and underage possession of alcohol in violation of R.C. 4301.632.

A hearing was held in the Warren County Court of Common Pleas on appellee's oral motion to suppress all the evidence following his initial stop. The trial court sustained appellee's motion, finding that Officer Wallace lacked reasonable and articulable suspicion to stop appellee's vehicle. As its sole assignment of error, the state claims that the trial court erred in granting appellee's motion to suppress.

Under the Fourth Amendment, a police officer is justified in conducting a brief investigatory stop of an individual only if the officer has reasonable suspicion that the individual is involved in criminal activity. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The propriety of the initial stop must be viewed in light of the totality of the surrounding circumstances. See *State v. Bobo* (1988), 37 Ohio St.3d 177, 178, 524 N.E.2d 489, 490, certiorari denied (1988), 488 U.S. 910, 109 S.Ct. 264, 102 L.Ed.2d 252. Facts acquired *after* the initial stop is made cannot provide justification for the stop itself. *State v. Hassey* (1983), 9 Ohio App.3d 231, 236, 9 OBR 403, 409, 459 N.E.2d 573, 580. The officer must have more than a vague suspicion or "hunch" that criminal activity is afoot. *State v. Fincher* (1991), 76 Ohio App.3d 721, 726, 603 N.E.2d 329, 332. Furthermore, a person's mere presence in an area of high crime activity does not constitute

---

1. Appellee did not file a brief in this appeal.

reasonable suspicion. *State v. Jones* (1990), 70 Ohio App.3d 554, 559, 591 N.E.2d 810, 813.

Therefore, in order to uphold an initial stop of a motorist, a police officer must have articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. See *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673; *State v. Brandenburg* (1987), 41 Ohio App.3d 109, 534 N.E.2d 906. Where a motorist is not observed violating any traffic or other laws and where the police are not specifically looking for that particular individual or the vehicle which the individual is driving, they lack reasonable suspicion to stop the motorist. See *State v. Barrow* (1978), 60 Ohio App.2d 335, 336–337, 14 O.O.3d 295, 295–297, 397 N.E.2d 422, 423–424.

In the present case, Officer Wallace did not observe appellee driving erratically or violating any traffic or other laws. Appellee was driving at a reasonable speed of approximately thirty m.p.h. in a thirty-five m.p.h. zone. The fact that a person pulls out of one driveway and into another a short distance down the road in an area where several burglaries had been reported is not sufficient to constitute reasonable suspicion, particularly where one of the driveways leads to the person's own residence. The stop of appellee under these circumstances cannot rest on merely a hunch or vague suspicion.

The trial court, as the trier of fact in a suppression hearing, must judge the credibility of witnesses and weigh the evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 58, 437 N.E.2d 583, 584; *State v. Rourke* (Feb. 8, 1993), Butler App. No. CA92–08–164, unreported, 1993 WL 29056. A reviewing court will not reverse the trial court on weight of the evidence where there is substantial, credible evidence to support the trial court's decision. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304, 306. Therefore, because substantial, credible evidence existed to support the trial court's ruling that Officer Wallace lacked the requisite reasonable suspicion to initially stop appellee, we must overrule the state's assignment of error and affirm the trial court's decision.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.