OPINION
Defendant-appellant, Jeffrey F. Adderholt, appeals his conviction in the Butler County Court of Common Pleas for possession of marijuana in violation of R.C. 2925.11(A). We affirm the decision of the trial court.
On May 19-20, 1998, Officer Joseph Thompson of the Hamilton Police Department was on patrol between 11:00 p.m. and 7:00 a.m. Early in his shift, Thompson observed appellant at the corner of "East and Hanover." Thompson stated that he considers this "a high drug trafficking area." Thompson testified that it was raining and appellant was sitting on the steps of a defunct business. At one point, Thompson observed appellant "splashing himself off or getting a drink or something out of the gutter." Thompson testified he passed appellant at "least two" times on his shift.
At 6:15 a.m., Thompson observed appellant at the same location. Thompson stopped his patrol vehicle and asked appellant his name and "probably" his date of birth. On cross-examination, Thompson testified that upon first approaching appellant, he informed him that he was free to leave and did not have to answer any questions. Thompson testified he did not use the spotlight from his vehicle nor did he activate his sirens and/or lights. Thompson testified that appellant appeared intoxicated or homeless. Thompson "ran a warrant check on him" and appellant had an outstanding warrant in Fairfield. Based on the warrant, appellant was arrested. At that point, Thompson did a pat-down search and found a knife. Finally, Terry Goody, a man Thompson knew to be a "drunk" and who had previously been arrested on cocaine charges, was at the same corner as appellant during this time. After an investigation, the specifics of which are not relevant to this appeal, the police seized marijuana and appellant was charged with possession of marijuana.
Appellant's testimony was in stark contrast to Thompson's. According to appellant, Thompson did use his spotlight. Appellant also testified that Thompson had stopped at the corner of the East Avenue red light five minutes before the encounter with him. Appellant testified that Thompson approached him with his hand on his weapon. Appellant stated that Thompson "asked me my name, told me to put my arms up," "asked my Social Security Number" and did a pat-down search. Appellant felt if he walked away, he might have been shot in the back. Thompson told him "not to move" when he conducted the warrant check. Finally, appellant stated that he had walked from the west side, used the phone booth at East and Hanover and was waiting for someone to pick him up for work.
Appellant filed a motion to suppress, arguing the investigative stop was an unconstitutional seizure. The trial court overruled the motion. After a trial by jury, appellant was found guilty and sentenced to community control sanctions. From his conviction, appellant filed a timely notice of appeal and presents one "assignment of error"[1] for our review:
 THE TRIAL COURT ERRED BY NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS.
In his assignment of error, appellant argues that Officer Thompson lacked reasonable and articulable suspicion for the investigative stop and the marijuana subsequently seized should have been suppressed as "fruit of the poisonous tree." When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight to be given evidence. State v. Fanning
(1982), 1 Ohio St.3d 19, 20. A ruling by the trial court will not be disturbed on appeal if it is supported by substantial and credible evidence. State v. Williams (1993), 86 Ohio App.3d 37, 41. The court of appeals will independently determine whether the minimum constitutional standard has been met. Id.
Under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution, an officer may conduct a brief investigative stop of an individual only if the officer has reasonable suspicion that the individual is involved in criminal activity. Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868; State v. Rhude (1993), 91 Ohio App.3d 623, 625. An officer must have more than a "hunch" that criminal activity may be occurring. Rhude at 625. "The propriety of the initial stop must be viewed in light of the totality of the surrounding circumstances." Id.
However, not every encounter between a police officer and an individual constitutes a "stop." A consensual encounter between the police and a citizen is not protected by the Fourth Amendment.Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382,2386. The United States Supreme Court has stated that "[o]bviously, not all personal intercourse between policemen and citizens involves `seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a `seizure' has occurred." Terry at 19, fn. 16, 88 S.Ct. at 1879, fn. 16. More recently, the Court adopted the test that a seizure has occurred "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." Michigan v. Chesternut (1988),486 U.S. 567, 573, 108 S.Ct. 1975, 1979; Immigration andNaturalization Serv. v. Delgado (1984), 466 U.S. 210, 215,104 S.Ct. 1758, 1762.
In reviewing the trial court's decision, it is clear that the court found the credibility of appellant questionable. Particularly, the trial court questioned appellant's explanation of walking from the west side and then waiting for a ride to work. Thompson's testimony indicated he observed appellant at the same location early in the shift and early the next morning when appellant was arrested. In a bench ruling, the trial court stated its conclusion that Thompson did not use his lights or spotlight and only asked appellant for his name and social security number. The court ruled the encounter did not constitute a seizure. The court clearly did not believe appellant's recitation of events. The trial court was in the best position to judge the credibility of the witnesses and we find substantial, credible evidence supports the trial court's findings of fact.
Deferring to the trial court's evaluation of the facts, we agree that Thompson engaged appellant in a consensual encounter that did not amount to a seizure. Based on Thompson's testimony, the pat-down search did not occur until after probable cause for arrest existed. Up to that time, Thompson had told appellant he was free to leave. Thompson did not interrogate appellant, instead he only asked him his name and social security number. Based on the totality of the circumstances, we find the initial encounter was not a Terry stop and had no Fourth Amendment implications. Accordingly, Thompson did not need reasonable suspicion to justify his initial consensual encounter with appellant. See State v. Robinson (Sept. 8, 1997), CA97-04-093, unreported, discretionary appeal not allowed, 80 Ohio St.3d 1478;State v. Brock (June 1, 1998), Clermont App. No. CA97-09-077, unreported. Thus, the assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] In the interest of deciding this appeal on the merits in a timely manner, we will consider appellant's "argument" as an assignment of error. See App.R. 16(A)(3).