DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found defendant-appellant, Aaron Phillips, guilty of attempted aggravated possession of drugs after he entered a plea of no contest to that offense. From that conviction and sentence, appellant now raises the following assignment of error:
 "THE TRIAL COURT WRONGLY OVERRULED THE MOTION TO SUPPRESS."
On November 12, 1999, officers of the Sylvania Police Department and the Lucas County Sheriff's Department executed a search warrant at 5111 Spring Street in Sylvania, Ohio. The warrant had been issued as a result of a narcotics investigation involving that residence and information that had been obtained from a confidential informant ("CI"). The officers had learned from the CI that a party was to take place at that address on that evening and that the drugs ecstasy, ketamine and marijuana would be present. During the execution of the warrant, officers conducted a pat down search of appellant, upon which they discovered a closed, round, opaque candy container in appellant's right front pants pocket. Upon opening the container the officers discovered pills which the officers suspected were ecstasy.
On July 5, 2000, appellant was indicted and charged with one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(b). Subsequently, appellant filed a motion to suppress the evidence seized from him, alleging that the search of his person was conducted in violation of his Fourth Amendment rights against unreasonable searches and seizures.
On October 25, 2000, the lower court conducted a hearing on the motion to suppress, at which two officers involved in the execution of the search warrant, as well as appellant and his co-defendant, Aleksandr Frik, testified. Detective Robert Roe of the Sylvania Police Department testified that while he was involved in the investigation leading up to the search of the residence, he was not present when appellant was searched. Rather, after the house and garage were secured, Detective Roe conducted the investigation from inside the house. At that time, a deputy brought appellant and Frik to Detective Roe, after finding drugs on each of them. Detective Roe could not testify as to how appellant was searched but did state that it was standard procedure, when executing a search warrant, to do a pat down search on everyone for the officers' safety. Officer Scott Reed, a patrolman with the Sylvania Police Department, assisted in executing the search warrant at issue and secured the garage in which appellant was found. After entering the garage, Officer Reed ordered all of the individuals within, including appellant, to lay down on the floor and place their hands on their head. Subsequently, an Officer Corbett entered the garage and took over the search. Officer Reed testified that Corbett told the individuals in the garage that "they were going to be patted down and if they had anything that they shouldn't have they should be giving it up." Reed then stated that one individual gave up a cigar tube to Officer Corbett, but he did not testify regarding any pat down searches conducted on any individuals. Aleksandr Frik, appellant's co-defendant, testified that in response to instructions that he was going to be searched, he gave up a cigar tube that contained hallucinogenic mushrooms and ecstasy. Finally, appellant testified that after he and the other individuals in the garage had been laying on the floor for about ten minutes, an officer said he was going to start searching everybody, pointed to appellant and said "we'll start with you." Appellant then testified that he stood up, placed his hands on a bench and the officer proceeded to search him. Appellant stated that initially the officer patted down his shirt. Then, however, the officer reached into appellant's front pants pockets without first patting down his pants. The officer pulled appellant's cigarettes out of his left pocket and pulled a closed, round, opaque candy container out of his right pocket. The officer then opened the container.
On November 21, 2000, the trial court filed a judgment entry denying appellant's motion to suppress. Although the court did not make any written findings, the court did, in a ruling from the bench, state that the search of appellant was valid pursuant to State v. McGlown (1982),3 Ohio App.3d 344. Subsequently, appellant withdrew his not guilty plea and entered a plea of no contest to a charge of attempted aggravated possession of drugs. In a judgment entry dated December 19, 2000, the trial court found appellant guilty of that offense and sentenced him accordingly.
In his sole assignment of error, appellant challenges the trial court's ruling on his motion to suppress. Appellant contends that because the search of him was not authorized by the search warrant or by any of the recognized exceptions to the warrant requirement, the trial court erred in denying his motion to suppress.
Appellate review of the denial of a motion to suppress presents a mixed question of law and fact. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Smith (1997), 80 Ohio St.3d 89, 105. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Rhude (1993), 91 Ohio App.3d 623,626; State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488.
The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect citizens from unreasonable searches and seizures. Searches and seizures conducted outside of the judicial process, without a warrant based on probable cause, are per se
unreasonable, subject to several specific established exceptions.Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219.
The state contends that the search of appellant was authorized by the search warrant. That warrant, however, was never admitted into evidence below and was never made a part of the record before the lower court. Indeed, it is impossible for this court to determine, based on the record before us, the precise aim and scope of the warrant at issue. Accordingly, the search of appellant, and the seizure of the candy box from him, can only be valid if they fall within one of the established exceptions to the warrant requirement.
One of the specific exceptions to the requirements of a warrant and probable cause is a stop and frisk or pat-down search authorized by Terryv. Ohio (1968), 392 U.S. 1, and its progeny. Under Terry, a police officer may stop a person without probable cause for arrest if he has a "* * * reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." United States v. Place
(1983), 462 U.S. 696, 702. Under such a situation, the officer may conduct a protective frisk of the individual if he reasonably believes that the individual may be armed and presently dangerous. Terry, supra
at 24. More specifically:
 "The sole justification of the search * * * is the protection of the police officer and others nearby, and it must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Id. at 29.
The state asserts that the search of appellant was a valid Terry search in that it was conducted for officer safety. However, the officer who conducted the frisk of appellant never testified at the hearing on the motion to suppress. Accordingly, the state presented no evidence from which the trial court could conclude that the frisking officer had a reasonable, articulable suspicion that appellant was engaged in criminal activity and that he may be armed and presently dangerous. Similarly, because the state failed to present the testimony of the frisking officer, the state presented no evidence from which the trial court could conclude that the incriminating nature of the candy container was immediately apparent to the touch. See Minnesota v. Dickerson (1993),508 U.S. 366, and State v. Evans (1993), 67 Ohio St.3d 405, 414, fn. 5.
We further conclude that the trial court's reliance on McGlown, supra, was misplaced. In that case, officers testified that while they were executing a search warrant, they saw appellant move his hand in or near his pocket, thereby giving officers reasonable grounds to fear for their safety. No such evidence exists in the present case.
Accordingly, the state failed to present evidence justifying the warrantless search of appellant and, as such, the trial court erred in denying appellant's motion to suppress. The sole assignment of error is well-taken.
On consideration whereof, the court finds that appellant was prejudiced and prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.