DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which, following the entry of a no contest plea, found appellant, Marcel Huggins, guilty and sentenced him to a term of imprisonment. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. On January 29, 2002, appellant was indicted for possession of more than 100 grams of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(f) with a major drug offender specification, R.C. 2941.1410. Appellant entered a plea of not guilty. On April 8, 2002, a hearing on appellant's motion to suppress was held. On May 9, 2002, the trial court denied the motion. On August 21, 2002, appellant withdrew his not guilty plea and entered a plea of no contest to an amended offense of possession of crack cocaine in an amount of more than 25 grams but less than 100 grams, a violation of R.C.2925.11(A) and (C)(4)(e). A nolle prosequi was entered as to the major drug offender specification. Appellant was sentenced to serve a seven year mandatory term in prison and his driver's license was suspended for three years. Appellant filed a timely notice of appeal and sets forth the following five assignments of error:
"ASSIGNMENT OF ERROR NO. 1
"The Court erred in denying Defendant/Appellant's Motion To Suppress the evidence obtained in the search of Defendant/Appellant's vehicle on October 17, 2001 as the search was warrantless and without probable cause and therefore illegal and the fruits thereof should be excluded from consideration by the Finder of Fact.
"ASSIGNMENT OF ERROR NO. 2
"The Trial Court erred in attributing credibility to the testimony of Detective Awls in denying Defendant's Motion To Suppress.
"ASSIGNMENT OF ERROR NO. 3
"The Trial Court erred in presuming its Decision that an arranged `purchase' of crack cocaine was made. (sic)
"ASSIGNMENT OF ERROR NO. 4
"The Trial Court committed Plain Error when the indictment was amended from a second degree felony to a first degree felony without the amendment being taken before the Grand Jury violates the Fifth Amendment of the U.S. Constitution. (sic)
"ASSIGNMENT OF ERROR NO. 5
"The Trial Court's sentencing the Defendant to seven years did not comport to R.C. 2953.08(G) and S.B. 2."
The court will address appellant's first, second, and third assignments of error together as they are interrelated and all assert error in the trial court's denial of his motion to suppress. This court finds no merit in these assignments of error.
Appellate review of a denial of a motion to suppress presents a mixed question of law and fact. In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Smith (1997), 80 Ohio St.3d 89, 105. Accordingly, this court is bound to accept a trial court's findings of fact if they are supported by competent, credible evidence. State v. Rhude (1993), 91 Ohio App.3d 623,626; State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those findings of fact as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Klein (1991),73 Ohio App.3d 486, 488.
Both the Ohio and the United States Constitutions protect individuals from unreasonable searches and seizures. Fourth Amendment, United States Constitution; Section 10, Article I, Ohio Constitution. Subject to only a few specifically established and well-delineated exceptions, searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment.California v. Acevedo (1991), 500 U.S. 565, 580. One of the well-delineated exceptions to the Fourth Amendment mandates was established in Carroll v. United States (1925), 267 U.S. 132, wherein the United States Supreme Court pronounced the so-called automobile exception to the warrant requirement. The warrantless automobile search exception has been expanded in the progeny to Carroll.
The Carroll case involved a warrantless search of an automobile for "bootleg" whiskey during the prohibition era. The United States Supreme Court held that a warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband was not unreasonable within the meaning of theFourth Amendment. In the opinion, the court, enunciating a general policy statement that citizens have a lesser expectation of privacy in their vehicles than in private dwellings, and have no degree of privacy when carrying contraband in such vehicles, stated:
"* * * [T] he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Id. at 153.
The court in Carroll also stated "* * * if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Id. at 149.
In the progeny to Carroll, the United States Supreme Court has continued to emphasize as important that officers have probable cause to believe that the vehicle they search contains contraband. The court has repeatedly stated that probable cause must be based on objective facts that could justify the issuance of a warrant by a magistrate. See, UnitedStates v. Ross (1982), 456 U.S. 798, 808. In Ross, the court held that where police officers have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all movable containers and packages, that may logically conceal the object of the search. Id. See, also, State v.Welch (1985), 18 Ohio St.3d 88, 92, certiorari denied (1985),474 U.S. 1010.
The facts an officer relies upon to form either reasonable suspicion or probable cause may be supplied by others, as well as from personal observations. Adams v. Williams (1972), 407 U.S. 143, 147. When a trial court evaluates whether an informant provides probable cause, the "totality of the circumstances" standard must be used. Illinois v. Gates
(1983), 462 U.S. 213, 230-33. Prior to Illinois v. Gates, a two-prong test was used whereby the court determined probable cause on the informant's "basis of knowledge" and the informant's "veracity" or the "reliability" of the informant's report. Aguilar v. Texas (1964),378 U.S. 108, overruled by Illinois v. Gates, supra, and Spinelli v.United States (1969), 393 U.S. 410, overruled by Illinois v. Gates, supra. The court in Illinois v. Gates rejected this two-prong test and instituted the "totality of the circumstances" test in its place. Thus, the basis of knowledge and credibility or reliability of the informant are just two of the factors to be considered by the judge in determining whether probable cause exists to believe that evidence will be found in a particular place.
The United States Supreme Court in Adams v. Williams,407 U.S. at 147-49, in discussing reasonable suspicion and probable cause, stated:
"* * * Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. * * * Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized. * * *
"* * * Probable cause to arrest depends `upon whether, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.' (Citation omitted.) * * * Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. (Citation omitted.) Rather, the court will evaluate generally the circumstances at the time of the arrest to decide if the officer had probable cause for his action:
`"In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' (Citation omitted.)"
An important factor in evaluating the reliability of an informant's tip is the degree to which it predicts future behavior of third parties. InAlabama v. White (1990), 496 U.S. 325, 332, the United States Supreme Court stated "When significant aspects of the caller's predictions were verified, there was reason to believe not only that the caller was honest but also that he was well informed * * *." In State v. Andrews (1991),57 Ohio St.3d 86, 87-88, the Ohio Supreme Court stated:
"* * * [A totality of the surrounding circumstances is] to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. (Citations omitted.) A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement. (Citation omitted.)"
In this case, the detective had probable cause to believe that contraband was in appellant's vehicle based upon the informant's information and the detective's own personal knowledge. The detective testified that he had been assigned to the Metro Drug Task Force for 16 years and had made "hundreds" of arrests during that time period; that he conducted a search of the informant's residence that evening pursuant to a search warrant and had found crack cocaine; that the informant indicated appellant was his only drug source; that pursuant to the detective's direction, the informant placed a telephone call to appellant and ordered four and one-half ounces of crack cocaine to be delivered to the informant that evening; that the informant indicated appellant would be delivering the cocaine to the informant's residence within one hour of the call; that the informant indicated appellant would be driving one of two different vehicles; that appellant arrived within one-half hour of the call and was driving a vehicle matching the description given to the detective by the informant; that the informant identified appellant when he arrived; and that appellant was known throughout the Metro Drug Task Force to be involved in narcotic sales and distribution. The totality of these circumstances clearly established probable cause for the warrantless search of appellant's vehicle.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erred in attributing credibility to the detective's testimony. However, as noted supra, in a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Smith, 80 Ohio St.3d at 105. This court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Rhude, 91 Ohio App.3d at 626; State v. Guysinger,86 Ohio App.3d at 594. This court finds that there was competent, credible evidence to support the trial court's credibility determination.
Accordingly, appellant's second assignment of error is found not well-taken.
In his third assignment of error, appellant argues that the trial court erred in assuming that an arranged "purchase" of crack cocaine had been made between appellant and the informant. Based on the facts set forth above, it was reasonable and natural for the trial court to infer that an arranged "purchase" of crack cocaine had been made between appellant and the informant. Furthermore, appellant was charged with and ultimately pled to drug possession under R.C. 2925.11; appellant was not charged with drug trafficking. Thus, even if the trial court erred in assuming that an arranged "purchase" of crack cocaine had been made between appellant and the informant, it was harmless error.
Accordingly, appellant's third assignment of error is found not well-taken.
In his fourth assignment of error, appellant argues that the trial court committed plain error when the indictment was amended from a second degree felony to a first degree felony without the amendment being taken before the Grand Jury. However, following submission of his brief, appellant filed a motion to amend his brief to correctly reflect that appellant was initially charged with a violation of R.C. 2925.11(A) and (C)(4)(f), a first degree felony. Thereafter, appellant pled no contest to a violation of R.C. 2925.11(A) and (C)(4)(e), also a first degree felony. Thus, the indictment was not amended from a second degree felony to a first degree felony and, thus, no constitutional violation occurred.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant argues that his sentencing did not comport to R.C. 2953.08(G) and S.B. 2. This court finds no merit in this assignment of error.
Appellant's argument overlooks the fact that his sentence was jointly recommended. The following statement appears in appellant's plea agreement filed on August 28, 2002, (italics denotes handwritten phrases) :
"* * * No promises have been made except as part of this plea agreement, stated entirely as follows: MDO spec to be nolled; amendmentof charge results in no exposure to mandatory ten year sentence; inreturn, parties agree to jointly recommend seven years incarceration aspart of the sentence for the first degree felony conviction."
Because appellant's sentence imposed by the court was jointly recommended to the court, this matter is controlled by R.C. 2953.08(D), which provides:
"A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. * * *"
Thus, R.C. 2953.08(D) precludes appellate review of a sentence when three elements are met: 1) the sentence was authorized by law; 2) the sentence was made by a sentencing judge; and, 3) the sentence was jointly recommended by the prosecution and defendant to that sentencing judge. A sentence is "authorized by law" if it is within the statutory range of possible sentences for the offense to which the defendant has pled. Statev. Walls, 6th Dist. No. E-01-021, 2002-Ohio-3578, ¶ 25. Appellant's sentence of seven years was within the statutory range of possible sentences, three to ten years, for a first degree felony. Appellant's sentence was jointly recommended by appellant and the state and was imposed by a sentencing judge. Thus, this court is precluded by R.C.2953.08(D) from reviewing appellant's sentence.
Accordingly, appellant's fifth assignment of error is found not well-taken.
On consideration whereof, this court affirms the judgment of the Lucas County Court of Common Pleas. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer,J., CONCUR.