OPINION
Defendant-appellant Ronald L. Riffle appeals his conviction and sentence entered by the Stark County Court of Common Pleas on one count of driving while intoxicated, in violation of R.C.4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 20, 1999, the Stark County Grand Jury indicted appellant on one count of driving while intoxicated, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree based upon appellant's three previous DUI convictions within the past six years. At his arraignment on September 24, 1999, appellant entered a plea of not guilty to the charge. Appellant filed a Motion to Suppress on November 1, 1999. The trial court conducted a hearing on the motion on November 10, 1999. At the suppression hearing, Deputy Mark Maskaluk of the Stark County Sheriff's Department testified he and his partner, Deputy Jason Peters, responded to a disturbance call in the area of Moore Avenue and Sherrick Avenue in Canton Township at approximately 6:30 p.m on July 14, 1999. The call involved a woman who was yelling and screaming. Deputy Maskaluk explained the area of Moore and Sherrick Avenues was rural, however, he and his partner were familiar with it because they had been there on numerous calls of suspect vehicles, drunk drivers, drug use, and vehicles parked along the roadway. The deputies did not see any vehicles as they traveled into the area. When they arrived, they noticed a vehicle parked on the west side of the road, which the deputies felt could possibly be involved in the disturbance call to which they were responding. Deputy Maskaluk activated his overhead lights. The driver of the vehicle immediately began to drive away. The deputy motioned for the driver to back-up and situated his cruiser to the front of the vehicle. Deputies Maskaluk and Peters exited the cruiser and approached the vehicle. The deputies asked the driver, who was later identified as appellant, for identification and his reason for being in the area. Appellant could not produce a driver's license, but gave the deputies his name, social security number and date of birth. Upon speaking with appellant, Deputy Maskaluk noticed the smell of alcohol and his speech was slurred. The deputies asked appellant to exit the vehicle. The deputies administered three field sobriety tests, all of which appellant failed. Inside the vehicle, the deputies found an open container of beer. On cross-examination, Deputy Maskaluk stated the dispatcher had not provided the officers with a description of a vehicle or a person. He noted appellant was alone in the vehicle. The deputy also acknowledged he did not observe appellant commit any traffic infractions and appellant's vehicle did not present a traffic hazard parked in the location in which the deputy observed it. Deputy Maskaluk explained appellant seemed suspicious because the officer believed the disturbance could be a domestic incident and, because appellant is a male, he could possibly be involved. Deputy Jason Peters testified similarly to Deputy Maskaluk. He acknowledged they did not see a woman in the area. Deputy Peters also stated appellant did not respond to the inquiry as to why he was in the area. He explained appellant was not asked to exit his vehicle until the deputies discovered indicia of alcohol use. Via Judgment Entry filed November 12, 1999, the trial court denied appellant's motion to suppress. Thereafter, on November 17, 1999, appellant withdrew his plea of not guilty and entered a plea of no contest. The trial court found appellant guilty of driving under the influence and sentenced appellant to serve a period of sixty days in the Stark County Jail. It is from the trial court's November 12, 1999 Judgment Entry appellant appeals, raising as his sole assignment of error:
 THE TRIAL COURT ERRED TO THE DETRIMENT OF THE APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE.
 I
Herein, appellant maintains the trial court erred in denying his motion to suppress. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." "Under the Fourth Amendment, a police officer is justified in conducting a brief investigatory stop of an individual only if the officer has reasonable suspicion that criminal activity may be afoot." State v. Brown (1996), 116 Ohio App.3d 477, 479 (Citation omitted). The propriety of the initial stop must be viewed in light of the totality of the circumstances. Id. at 480. "Absent any basis for suspecting a defendant of misconduct, the balance between the public interest in crime prevention and the defendant's right to personal security and privacy tilt in favor of freedom from public interference." Id. (Citation omitted). "In order to justify a stop, the officer must have more than a vague suspicion or an inarticulate hunch that criminal activity is afoot." Id. (Citations omitted). "Further, a person's mere presence in an area of high crime activity or where previous criminal activity has taken place in and of itself does not constitute reasonable suspicion." Id. (Citations omitted). Herein, the trial court overruled appellant's motion to suppress, finding the deputies had a rational, articulable basis to investigate. The trial court found 1) the officers were investigating a present report of criminal activity; 2) the stop occurred in a high crime area; and 3) appellant attempted to drive away immediately after Deputy Maskaluk backed up the cruiser and activated his overhead lights. We must determine whether these factors were sufficient to create a reasonable suspicion in the objective minds of the deputies, in order to warrant an investigatory stop in light of the totality of the circumstances under Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2 889, and its progeny. We believe the facts do not support a reasonable suspicion by the deputies appellant was engaged in criminal activity. Appellant's conduct was not indicative of criminal behavior. The deputies did not observe appellant outside the vehicle or engaged in any type of activity which would lead to a reasonable suspicion criminal activity was about to occur. Deputy Maskaluk admitted he did not witness any traffic violations. Deputy Peters acknowledged they did not see a woman in the area. The deputies testified their attention was drawn to appellant because they had not observed any other vehicles entering or exiting the area when they saw appellant's vehicle parked along the roadway. Additionally, they found appellant "suspicious" because he is a male and they believed they were responding to a domestic call. We find, under the totality of the circumstances, the facts were insufficient to create a reasonable suspicion in the minds of the deputies to warrant a stop. Accordingly, we find the trial court erred in overruling appellant's motion to suppress. Appellant's sole assignment of error is sustained.
The conviction and sentence of the Stark County Court of Common Pleas are reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and the law.
HOFFMAN, P.J. and EDWARD, J. CONCUR.