OPINION
In this timely appeal Michael D. Hicks ("Appellant") challenges a decision of the Northwest Area County Court of Columbiana County, Ohio, denying his motion to suppress the results of a breath alcohol test and other evidence obtained when police stopped his vehicle for a traffic violation and subsequently arrested him for driving while intoxicated. In the discussion that follows, this Court affirms the county court's decision.
On March 4, 2001, at 2:15 a.m., Trooper Kenny Metz of the Ohio State Highway Patrol was traveling west on Teegarten Road in Salem Township, when he observed Appellant's pickup truck turn onto Teegarten from a side road and head toward him. (Tr. p. 4). As Appellant passed the Trooper's cruiser, Metz noted that Appellant's vehicle was weaving back and forth within his lane. Trooper Metz made a U-turn and followed Appellant as he proceeded east on Teegarten. (Tr. p. 5). Teegarten is a narrow and winding road with one traveling lane in each direction. (Tr. pp. 35-36).
As Trooper Metz followed Appellant, he saw Appellant's pickup partially cross the road's center line twice, before the vehicle passed completely over into the opposite lane and oncoming traffic. Altogether, Trooper Metz observed Appellant cross the center line four times before initiating a traffic stop. (Tr. pp. 7-8).
Trooper Metz approached Appellant's truck and explained to him the reasons for the stop. As he did so he noted that Appellant smelled of alcohol and his eyes were bloodshot and glassy. (Tr. p. 10). Appellant admitted that he had consumed alcoholic beverages that evening. (Tr. p. 10).
At the trooper's request, Appellant exited his vehicle and performed, without success, a series of standard field sobriety tests. (Tr. p. 11). After a portable breath test indicated a blood alcohol content of .127%, Trooper Metz arrested Appellant for driving under the influence of alcohol or drugs. (Tr. p. 20). Trooper Metz transported Appellant to the police station where further testing indicated a BAC level of .143%. (Tr. p. 30).
Trooper Metz cited Appellant for driving while intoxicated ("DUI") in violation of R.C. § 4511.19(A)(3), for crossing over the center line in violation of R.C. § 4511.25, and for failing to wear a seatbelt as set forth under R.C. § 4513.263.
Appellant moved to suppress the evidence obtained in connection with his stop and arrest. After a hearing, the court denied the motion, noting that the stop was reasonably justified because, "[t]he arresting officer observed Defendant's vehicle weaving within its own lane, and being driven left of center four times." (Judgment Entry July 5, 2001). Appellant's subsequent failure to pass standard field sobriety tests then gave the officer probable cause to arrest Appellant for DUI.
On July 19, 2001, Appellant entered a no contest plea to the charges. Since this was Appellant's third DUI conviction, the trial court sentenced Appellant to 180 days in jail, suspending 120 of those days. The court also suspended Appellant's license for three years and imposed a fine of $1,000.00. A notice of appeal was filed on August 13, 2001.
Appellant alleges the following assignment of error:
 "THE TRIAL COURT ERRED IN CONCLUDING THAT THERE WAS A REASONABLE ARTICULABLE SUSPICION TO STOP THE DEFENDANT'S VEHICLE FOR A TRAFFIC VIOLATION."
Appellant maintains that it was improper for Trooper Metz to stop his vehicle and that the evidence yielded as a result of the stop should have been suppressed. Appellee counters that the traffic stop was reasonable under the circumstances because Appellant was violating traffic laws at the time. This Court must agree with Appellee.
This Court has repeatedly held that a reviewing court will not disturb a trial court's decision on a motion to suppress when it is supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, citing Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. Since the trial court is in the best position to resolve questions of fact and evaluate witness credibility, this Court must accept the trial court's findings with respect to such issues. State v. Hopfer (1996),112 Ohio App.3d 521, 548. Issues of law arising out of the court's factual findings, however, are reviewed independently, without deference to the trial court. State v. Brown (1996), 116 Ohio App.3d 477, 481.
The Fourth Amendment guarantees to its citizens the right to be free from unreasonable searches and seizures. Temporary detention of individuals during an automobile stop by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" under the Fourth Amendment. Delaware v. Prouse (1979),440 U.S. 648, 653. As a consequence, an automobile stop that is unreasonable given the circumstances will violate constitution guarantees. Id. at 659.
A police officer may stop a vehicle in accordance with constitutional principals only where he has reasonable suspicion to believe that a traffic law is being violated. Pennsylvania v. Mimms (1977), 434 U.S. 106,109; State v. Bobo (1988), 37 Ohio St.3d 177; and State v. Carter (June 14, 2000), 7th Dist. App. No. 99 BA 7. "Reasonable suspicion" requires that the officer, "point to specific articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Terry v. Ohio (1968), 392 U.S. 1, 20-21. Whether the officer had such reasonable suspicion is evaluated based on the totality of the circumstances surrounding the stop. State v. Freeman (1980),64 Ohio St.2d 291, para. one of the syllabus.
Determining whether a traffic stop violates the Fourth Amendment involves an objective assessment of a police officer's actions in light of the facts and circumstances known to that officer at the time. UnitedStates v. Ferguson (6th Cir. 1993), 8 F.3d 385, 388. The assessment turns on the reasonableness of the officer's actions in connection with the traffic stop, not on his or her subjective motivation. Dayton v.Erickson (1996), 76 Ohio St.3d 3 at 6. Accordingly, while the constitution forbids traffic stops that are unreasonable under the circumstances, police are entitled to initiate a traffic stop so long as the officer has a reasonable suspicion for doing so, even if the stop may only be a pretext for further investigation. Whren v. United States
(1996), 517 U.S. 806, 810; Erickson, supra, at syllabus; and State v.Lazenby, 7th Dist. No. 2000 CO 68, 2002-Ohio-1569.
Conceding that a traffic violation did occur in this case, Appellant nevertheless contends that the infraction was so minor that it could not, consistent with the constitution, justify the trooper's stop. In support of this proposition, Appellant relies on two cases. First, he cites to State v. Drogi (1994), 96 Ohio App.3d 466, wherein this Court held that insubstantial drifts within driving lanes alone will not amount to reasonable suspicion sufficient to warrant a traffic stop. Id. at 469. Next, Appellant relies on State v. Delemos (2000),140 Ohio App.3d 512, which held that police lacked reasonable suspicion to stop a van because it had a broken taillight and was traveling too slowly. As discussed below, neither decision supports reversal in the instant case.
In Drogi, supra, police arrested the defendant for DUI following a traffic stop based on the driver's failure to remain within marked lanes as required by R.C. § 4511.33. The defendant thereafter sought to suppress any evidence related to the DUI, arguing that the traffic violation, if any under these facts, was too insignificant to provide a basis for the stop. The trial court denied the motion to suppress.
On appeal, this Court reversed the trial court's decision. Stressing that there was no evidence of erratic driving other than, "insubstantial drifts across the lines," this Court held that momentary, minuscule, orde minimus violations like crossing lane lines or weaving within a lane, by themselves, may not justify an investigative stop. Id. at 496.
Appellant's reliance on Drogi, however, is misplaced for several reasons. Clearly, the facts before us in Drogi are distinguishable from the case at bar. Contrary to Appellant's claim, the matter before us does not involve a harmless bit of minor weaving as in Drogi. Trooper Metz stopped Appellant's pickup truck because he crossed over the center line of Teegarten Road, not once, but four times. (Tr. pp. 7-8). Moreover, on two of these occasions, Appellant's truck crossed into the opposite lane. (Tr. p. 7). The fact that Appellant was trying to negotiate a narrow and curvy road at the time does not excuse the violation, rather, it underscores Trooper Metz's decision to stop Appellant before his carelessness could cause an accident.
Appellant's reliance on Drogi also fails because its precedential value has been undermined. In 1996, two years after this Court's decision inDrogi, the United States Supreme Court decided Whren v. United States, supra. As noted above, in Whren the Court unanimously held that even a pretextual traffic stop does not offend the constitution where the officer possesses an objectively reasonable basis for affecting the stop. See also, State v. Hodge (June 7, 2002), 7th Dist. No. 01 CA 76.
While the stop in the instant case has not been characterized as pretextual, Appellant has challenged the basis on which the trooper decided to initiate the stop. According to Whren, no matter what the officer's underlying reason for making the stop, if he observed a traffic violation, the stop is justified. In the wake of Whren, there appears to be no insulation for those who commit what can be characterized as very small violations from traffic stops based on such infractions. The Court acknowledged as much with the following remarks:
 "* * * we are aware of no principle that would allow us to decide at what point a code of law becomes so expansive and so commonly violated that the infraction itself can no longer be the ordinary measure of lawfulness of enforcement. And even if we could identify such exorbitant codes, we do not know by what standard (or what right) we would decide, as petitioners would have us do, which particular provisions are sufficiently important to merit enforcement." Id. at 818-819.
In light of Whren, the Ohio Supreme Court issued Erickson, supra, embracing an identical view. Erickson involves a traffic stop where the police officer observed the driver fail to signal a turn. During the stop, the officer learned that the driver had a suspended license. She was subsequently cited for both violations. The driver moved to suppress the evidence obtained during the traffic stop after it became apparent that the officer stopped her for violating the turn signal requirement as a pretext to investigate his suspicion that she was driving without a valid operator's license. Erickson, supra, at syllabus.
Based on these facts, the Ohio Supreme Court held that a traffic stop prompted by a traffic or equipment violation which is observed by the police officer or where that officer has a reasonable suspicion that such a violation is occurring or has already taken place does not offend constitutional principles. In reaching its conclusion, the Court emphasized that the officer's ulterior motive for initiating the stop is irrelevant for purposes of Fourth Amendment review. Id. at 7. As inWhren, the Court makes no exception for de minimus traffic or equipment infractions, and thus appears to disagree with the case-by-case analysis proposed in Drogi.
Drogi is further weakened by the Ohio Supreme Court's resolution ofState v. Wilhelm (1998), 81 Ohio St.3d 444, given the underlying court of appeal's decision in the matter. The facts in Wilhelm are remarkably similar to those addressed in Drogi. Wilhelm concerns an Oxford Township police officer traveling behind the defendant's vehicle on State Route 73. The officer observed the vehicle's front and rear passenger-side tires cross one or two inches over the right edge line of the roadway three times. The officer initiated a traffic stop because of the driver's failure to stay within marked lanes pursuant to R.C. § 4511.33. After the defendant failed several field sobriety tests and a BAC Datamaster test revealed a blood alcohol level of .17%, the officer arrested him for DUI. State v. Wilhelm (April 14, 1997), 12th Dist. No. 96-12-272. In the defendant's motion to suppress, he argued that the officer's stop was invalid. The motion was denied and the defendant sought relief in the appellate court.
Holding that the record failed to show that the defendant had committed a traffic offense, the court of appeals reversed. The court began its analysis by noting that, "not every occurrence of a driver not staying within marked lanes is a traffic offense that provides the reasonable, articulable suspicion necessary to support a traffic stop." Id. at p. 2.
The court then observed that although R.C. § 4511.33 required vehicles to remain within their proper lanes, the requirement was excused, "if driving entirely within the lane is not practicable and if the driver ascertains that leaving the lane can be done safely." Id.
The Wilhelm court resolved that the officer had failed to show that the defendant, "was not driving within his lane `as nearly as [was] practicable' under the circumstances," or that the defendant had, "left the lane without ascertaining that it was safe to do so." Id. Consequently, according to the court of appeals, the record did not demonstrate with certainty that the defendant violated the statute. Further, the court pointed out, the traffic violation that precipitated the stop may have been, "the product of [the driver's] being distracted by the police car following so closely behind him as opposed to being the product of impairment through consumption of alcohol." Id.
In a summary order, the Ohio Supreme Court reversed the court of appeals. It based this decision explicitly on the reasoning adopted inErickson.
Considering Wilhelm's factual similarity to Drogi, it appears thatDrogi carries little weight in the wake of the Whren and Erickson
decisions. Other districts have determined in like fashion. For example, in State v. Young (Dec. 31, 2001), Warren App. No. CA2001-03-019, unreported, the court held that even a de minimus traffic violation provides probable cause for a traffic stop, and that cases to the contrary are effectively overruled by the Ohio Supreme Court in Wilhelm. See accord, State v. Mehta (Sept. 4, 2001), 12th Dist. Nos. CA2000-11-232, CA2000-12-256 (cases challenging the propriety of traffic stops for de minimus violations are overruled by the Ohio Supreme Court's decision inWilhelm and Erickson); and State v. Spillers (March 24, 2000), 2nd Dist. No. 1504 (the court noted that Drogi maintained only limited precedential value in light of Whren).
As these decisions make clear, the case-by-case analysis of police conduct espoused in Drogi cannot be harmonized with the bright line approach taken in Whren and Erickson. Accordingly, given the weight of authority contra our analysis in Drogi, we must hereby overrule that decision.
Appellant's reliance on State v. Delemos, supra, is also misplaced because it is factually distinguishable from the instant case. There, police charged the defendant with possession of narcotics after a search of his vehicle incident to a traffic stop recovered four kilograms of cocaine. The defendant moved to suppress the narcotics from evidence, arguing that police stopped his vehicle without lawful justification, which rendered the subsequent search unconstitutional. The trial court granted the motion to suppress and the state appealed.
In affirming the trial court's decision, the reviewing court inDelemos noted that the officer's account of the incident was contradicted by a videotape of the stop and the violations that allegedly led to it. Further relying on the videotape of the incident, the court noted that the single broken taillight did not violate R.C. § 4513.05, and the videotape belied the officer's claim that the defendant had been operating the vehicle in violation of traffic laws prior to the stop. Id. at 515-516.
In the instant case, there is no evidence which contradicts the trooper's account of the incident. In fact, Appellant concedes that he violated traffic laws. Under the circumstances, Trooper Metz's decision to stop Appellant's vehicle was entirely proper. Accordingly, the court did not err when it denied Appellant's motion to suppress the evidence obtained as a result of the traffic stop and the judgment of the Northwest Area Columbiana County Court is hereby affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.