OPINION
Defendant-Appellant appeals the sentence and conviction entered by the Mount Vernon Municipal Court on one count minor misdemeanor possession of marijuana and one count of possession of drug paraphernalia. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
Prior to August 31, 2001, the Mount Vernon Police Department received a number of citizen complaints regarding "road rage" complaints stemming from a vehicle described as a purple car with a personalized license plate containing the letters "WAL". Allegedly, the driver of this vehicle had been verbally abusive to other motorists on more than one occasion between the morning hours of 9:00 a.m. and 10:00 a.m.
On August 31, 2001, Patrolman Perkins observed a purple Ford Probe on Mansfield Avenue between the hours of 9:00 a.m. and 10:00 a.m. Patrolman Perkins testified that the the vehcile did not have a front license plate and due to the heavy rain, he was initially unable to read the rear license plate as it passed him, but was able to discern the letters "WAL" upon turning. Based on same, Patrolman Perkins initiated a traffic stop.
Upon approaching the vehicle and conversing with the driver, Appellant Bruce Harrell, Patrolman Perkins detected the odor of burned marijuana emanating from inside the vehicle. Patrolman Perkins asked Appellant to step from the vehicle and advised him of his rights. Appellant then advised the Patrolman Perkins and Patrolman Dailey that he possessed marijuana and told them where the marijuana and a smoking pipe were located in his vehicle. The patrolmen searched the vehicle which resulted in the seizure of the marijuana and the pipe.
Appellant was charged with one count of minor misdemeanor possession of marijuana in violation of Mount Vernon Municipal Code § 513.032(c)(2)(A) and one count of possession of drug paraphernalia in violation of Mount Vernon Municipal Code § 513.12(c)(1).
Appellant entered a plea of not guilty to both charges.
On September 11, 2001, Appellant filed a Motion to Suppress evidence.
On October 9, 2001, an oral hearing was held on Appellant's Motion to Suppress.
On November 1, 2001, by journal entry, the trial court denied Appellant's Motion to Suppress.
On December 18, 2001, Appellant appeared before the trial court and entered pleas of no contest to the charges.
Based on Appellant's pleas of no contest, the trial court convicted and sentenced Appellant.
Appellant filed a timely notice of appeal, assigning the following error:
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION TO SUPPRESS, SPECIFICALLY HOLDING THAT THE ARRESTING OFFICER HAD "REASONABLE CAUSE" (SIC) TO STOP DEFENDANT'S MOTOR VEHICLE, AND THEN RULING THAT THE EVIDENCE OBTAINED FROM SAID STOP WOULD BE ADMISSIBLE AS EVIDENCE AT DEFENDANT'S TRIAL."
 I.
In his sole assignment of error, Appellant claims that the trial court erred in not sustaining his motion to suppress. We agree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, State v. Williams (1993),86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623, 627, and Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
In the case sub judice, the issue on appeal is whether the trial court correctly decided the ultimate issue raised in appellee's motion to suppress. Therefore, we must independently determine whether the facts of this case warranted a search of appellant.
Appellant essentially challenges the trial court's conclusion that the police officer's initial investigative stop of the Appellant was warranted.
"Under the Fourth Amendment, a police officer is justified in conducting a brief investigatory stop of an individual only if the officer has reasonable suspicion that criminal activity may be afoot."State v. Brown (1996), 116 Ohio App.3d 477, 479 (Citation omitted). The propriety of the initial stop must be viewed in light of the totality of the circumstances. Id. at 480. "Absent any basis for suspecting a defendant of misconduct, the balance between the public interest in crime prevention and the defendant's right to personal security and privacy tilt in favor of freedom from public interference." Id. (Citation omitted).
"In order to justify a stop, the officer must have more than a vague suspicion or an inarticulate hunch that criminal activity is afoot." Id. (Citations omitted). "Further, a person's mere presence in an area of high crime activity or where previous criminal activity has taken place in and of itself does not constitute reasonable suspicion." Id. (Citations omitted).
Herein, the trial court overruled appellant's motion to suppress, finding the patrolman had a "reasonable cause" to stop the defendant. We must determine whether the factors presented at the suppression hearing were sufficient to create a reasonable suspicion in the objective mind of the patrolman, in order to warrant an investigatory stop in light of the totality of the circumstances under Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2 889, and its progeny.
Upon review of the transcript in this matter, we believe the facts do not support a reasonable suspicion by the patrolman that appellant was engaged in criminal activity. Appellant's conduct was not indicative of criminal behavior. The patrolman did not observe appellant engaged in any type of activity which would lead to a reasonable suspicion that criminal activity had occurred or was about to occur. Patrolman Peterson admitted he did not witness any traffic violations. The citizens' complaints were the sole basis for the stop.
Appellee argues that the officer could stop appellant because the officer had reasonable suspicion that appellant had engaged in "road rage" behavior. Assuming arguendo that Appellant was in fact the person responsible for the acts of "road rage", such behavior would constitute disorderly conduct under R.C. § 2917.11, a minor misdemeanor. Furthermore, the alleged criminal conduct did not occur in the officers' presence, and the officers were acting only upon the unsubstantiated assertions by two citizens. An officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. Hamilton v. Jacobs (1995), 100 Ohio App.3d 724, 730,654 N.E.2d 1057, 1061. The Supreme Court of the United States has refused to decide the issue of whether an officer can stop a person to investigate a past misdemeanor not committed in the presence of an officer. United States v. Hensley (1985), 469 U.S. 221, 229,105 S.Ct. 675, 680, 83 L.Ed.2d 604, 612-613.
A court in determining the reasonableness of a stop "balances the nature and quality of the intrusion on personal security against the importance of the governmental interests alleged to justify the intrusion." Hensley,469 U.S. at 228, 105 S.Ct. at 680,83 L.Ed.2d at 611-612. In Hensley, the United States Supreme Court reasoned that in the context of felonies or crimes involving a threat to public safety, the governmental interest outweighs the individual's interest to be free of being stopped. Id., 469 U.S. at 229, 105 S.Ct. at 680,83 L.Ed.2d at 612-613.
In the present case, the nature and quality of the intrusion was great. The patrolman stopped the appellant and searched his vehicle. This type of investigatory stop was not justified based upon an alleged minor misdemeanor disorderly conduct committed outside the presence of the officers.
We find, under the totality of the circumstances, the facts were insufficient to create a reasonable suspicion in the minds of the patrolman to warrant a stop.
Accordingly, we find the trial court erred in overruling appellant's motion to suppress.
Appellant's sole assignment of error is sustained
The judgment of the Mount Vernon Municipal Court is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion and the law. By Boggins. J.,
FARMER, P.J., and WISE, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is reversed and the matter remanded to the for further proceedings consistent with this opinion and the law. Costs to appellee.