[Cite as *State v. Delong*, 2018-Ohio-5262.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 18CA011306 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANTHONY T. DELONG | | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 2017-TRC-07502 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2018

HENSAL, Judge.

{¶1}     Anthony Delong appeals from the judgments of the Elyria Municipal Court that denied his motion to suppress and convicted him of operating a motor vehicle under the influence of alcohol.  This Court affirms.

I.

{¶2}     While on a smoking break, an employee of a Sheetz gas station observed a vehicle travel off of the roadway and onto the sidewalk and grassy area near the Sheetz entrance.  The driver, Mr. Delong, then maneuvered his vehicle off of the sidewalk and into the Sheetz parking lot and parked.  The Sheetz employee flagged down a nearby police officer, Sergeant Gorski.  The Sheetz employee told Sergeant Gorski what she had observed, and asked him to investigate to see whether anyone was hurt or needed assistance.

{¶3}     Sergeant Gorski approached Mr. Delong's vehicle and knocked on the window.  Mr. Delong opened his door, put his feet outside of the door, and began speaking with Sergeant

Gorski. Sergeant Gorski "immediately noticed the strong order of alcoholic beverage coming from [Mr. Delong's] breath." Sergeant Gorski also noticed that Mr. Delong's "eyes were very, very red, uncharacteristically red, and [that] his speech was very slurred." He then asked Mr. Delong to step out of the vehicle and performed a horizontal nystagmus test ("HGN test"), which Mr. Delong failed. After Mr. Delong failed the HGN test, Sergeant Gorski asked him to perform a walk-and-turn test, as well as a one-leg stand test. Mr. Delong, however, indicated that he had Multiple Sclerosis and could not perform those tests. Sergeant Gorski then arrested Mr. Delong and transported him to the police station where he administered a breathalyzer test, which indicated that Mr. Delong had a blood alcohol content of .086.

{¶4} Mr. Delong was subsequently charged with two counts of operating a motor vehicle under the influence of alcohol, to which he pleaded not guilty. Mr. Delong moved to suppress the evidence obtained during the warrantless search, including Sergeant Gorski's observations and opinions regarding the presence of alcohol in his blood, breath, and urine, as well as any statements he (Mr. Delong) made. In support of his motion, Mr. Delong argued the Sergeant Gorski lacked reasonable suspicion to detain him, and that there was no probable cause to arrest him for an OVI.

{¶5} The trial court held a hearing on the matter wherein the State presented testimony from the Sheetz employee and Sergeant Gorski. The State also played surveillance footage taken of the Sheetz parking lot that depicted the events in question. The trial court ultimately denied Mr. Delong's motion, and he changed his plea to no contest. The trial court dismissed one of the OVI counts and found Mr. Delong guilty of the other count under Revised Code Section 4511.19(A)(1)(a). Mr. Delong has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO
SUPPRESS WHERE THERE WAS NO REASONABLE SUSPICION TO
DETAIN APPELLANT AND INVESTIGATE HIM FOR OVI.

{¶6}     In his first assignment of error, Mr. Delong argues that the trial court erred by

denying his motion to suppress because Sergeant Gorski lacked reasonable suspicion to conduct

the initial stop.  This Court disagrees.

{¶7}     A motion to suppress evidence presents a mixed question of law and fact.  *State v.

Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  "When considering a motion to suppress,

the trial court assumes the role of trier of fact and is therefore in the best position to resolve

factual questions and evaluate the credibility of witnesses."  *Id.*, citing *State v. Mills*, 62 Ohio

St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if

they are supported by competent, credible evidence."  *Id.*, citing *State v. Fanning*, 1 Ohio St.3d

19, 20 (1982).  "Accepting these facts as true, the appellate court must then independently

determine, without deference to the conclusion of the trial court, whether the facts satisfy the

applicable legal standard."  *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th

Dist.1997).  This Court, therefore, grants deference to the trial court's findings of fact, but

conducts a de novo review of whether the trial court applied the appropriate legal standard to

those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶8}     Here, the trial court found that the Sheetz employee's report to Sergeant Gorski

(i.e., that she observed Mr. Delong's vehicle travel off of the roadway, onto the sidewalk, and

then into the Sheetz parking lot) constituted competent, credible evidence that provided Sergeant

Gorski with reasonable suspicion to investigate further.  Mr. Delong challenges this finding on

appeal, arguing that Sergeant Gorski never observed him driving, did not witness any criminal activity prior to detaining him, and did not witness any criminal activity during the detention. He also asserts that Sergeant Gorski made no effort to verify the Sheetz employee's account of what happened until he watched the surveillance footage several days later. Mr. Delong, therefore, argues that the trial court erred by finding that Sergeant Gorski had reasonable suspicion to stop him.

{¶9} In response, the State argues that it was not necessary for Sergeant Gorski to witness any criminal activity because he was exercising his community caretaking function. The State also argues that the encounter did not constitute a seizure for purposes of triggering Fourth Amendment protection because the encounter was entirely consensual.

{¶10} This Court agrees with the State's argument that the community caretaking exception applies under these facts. The community caretaking function is an exception to the Fourth Amendment warrant requirement that permits "police officers to stop a person to render aid if they reasonably believe that there is an immediate need for their assistance to protect life or prevent serious injury." *State v. Clapper*, 9th Dist. Medina No. 11CA00031-M, 2012-Ohio-1382, ¶ 12, quoting *State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008, ¶ 22. "Police officers without reasonable suspicion of criminal activity are allowed to intrude on a person's privacy to carry out 'community caretaking functions' to enhance public safety." *State v. Thompson*, 9th Dist. Lorain No. 04CA008603, 2005-Ohio-3802, ¶ 10, quoting *State v. Norman*, 136 Ohio App.3d 46, 54 (3d Dist.1999). "When approaching a vehicle for safety reasons, the police officer must be able to point to reasonable, articulable facts upon which to base [the] safety concerns." *Norman* at 54.

**{¶11}** Here, the Sheetz employee testified that she flagged down Sergeant Gorski, told him that she saw Mr. Delong's vehicle travel off of the roadway, onto the sidewalk, and then into the Sheetz parking lot. She then asked him to investigate whether Mr. Delong was hurt or needed assistance. Sergeant Gorski testified that this was the reason he approached Mr. Delong's vehicle. Sergeant Gorski, therefore, had reasonable, articulable facts upon which to base his safety concerns and to approach Mr. Delong's vehicle under the community caretaking function. *State v. Mackim*, 9th Dist. Summit No. 28741, 2018-Ohio-3033, ¶ 14 (holding that an officer who – at a gas station owner's request – approached a vehicle in the gas station parking lot to check on the driver's wellbeing was performing a community caretaking function). But, as occurred here, "when the initial nature of the encounter is expanded to an investigatory detention the officer must possess reasonable suspicion of criminal activity for that detention." *Id.* at ¶ 16. Thus, "in order to administer field sobriety tests, a police officer must have a reasonable suspicion of criminal activity." *Id.* at ¶ 9. Mr. Delong, however, has not developed any argument regarding Sergeant Gorski's reasonable suspicion of criminal activity relative to the administration of field-sobriety tests. *See* App.R. 16(A)(7). Accordingly, this Court need not address that issue. Mr. Delong's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS WHERE THERE WAS NO PROBABLE CAUSE TO ARREST APPELLANT FOR OVI[.]

**{¶12}** In his second assignment of error, Mr. Delong argues that the trial court erred by denying his motion to suppress because Sergeant Gorski lacked probable cause to arrest him for an OVI. This Court disagrees.

**{¶13}** "Probable cause [to] arrest for driving under the influence exists if, 'at the moment of the arrest, the totality of the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had violated R.C. 4511.19.'" *In re: V.S.*, 9th Dist. Summit No. 22632, 2005-Ohio-6324, ¶ 13, quoting *State v. Gunther*, 4th Dist. Pickaway No. 04CA25, 2005-Ohio-3492, ¶ 20. Thus, "[i]n order to have valid probable cause to arrest a driver for driving under the influence, there must be observations by the officer of indicia of alcohol consumption." *State v. Kurjian*, 9th Dist. Medina No. 06CA0010-M, 2006-Ohio-6669, ¶ 17.

**{¶14}** Here, the trial court found that, based on the totality of the circumstances – including the Sheetz employee's report to Sergeant Gorski, Mr. Delong's slurred speech and red eyes, as well as the strong odor of alcohol and failed HGN test – Sergeant Gorski had sufficient probable cause to arrest Mr. Delong for an OVI. Mr. Delong argues, however, that Sergeant Gorski did not have probable cause because he did not observe erratic driving, only administered one field-sobriety test, and did not indicate on the BMV 2255 form whether the odor of alcohol was strong, moderate, or faint.

**{¶15}** Mr. Delong's arguments lack merit. Initially, we note that an officer need not administer field-sobriety tests, nor witness erratic driving in order to have probable cause to arrest a driver for driving under the influence. *Id.* at ¶ 17, 18. Additionally, although not indicated on the BMV 2255 form, Sergeant Gorski specifically testified that he observed a "strong order of alcoholic beverage coming from [Mr. Delong's] breath."

**{¶16}** Considering the totality of the facts and circumstances, including the Sheetz employee's report to Sergeant Gorski, Sergeant Gorski's testimony regarding Mr. Delong's slurred speech and red eyes, as well as the strong odor of alcohol and failed HGN test, we cannot

say that the trial court erred by finding that sufficient probable cause existed to arrest Mr. Delong for an OVI. Mr. Delong's second assignment of error is overruled.

## III.

{¶17} Mr. Delong's assignments of error are overruled. The judgment of the Elyria Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

PATRICK DICHIRO, Attorney at Law, for Appellant.

TONI L. MORGAN, Prosecuting Attorney, for Appellee.