The STATE of Ohio, Appellee,

v.

SMITH, Appellant.

[Cite as *State v. Smith,* 162 Ohio App.3d 1, 2005-Ohio-2103.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–04–003.

Decided April 29, 2005.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.

Terrence R. Rudes, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a judgment of conviction for driving under the influence of alcohol, following a no-contest plea in the Erie County Court. For the reasons that follow, we affirm the decision of the trial court.

{¶ 2} On July 25, 2003, appellant, Rickie Smith, was arrested for driving under the influence of alcohol, a violation of R.C. 4511.19(A)(1).

{¶ 3} Appellant had rear-ended another vehicle while traveling on the causeway bridge on Route 2 in Erie County. The damage to both cars was slight, according to appellant, and appellant and the other driver exchanged information. Both appellant and the other driver then drove from the scene.

{¶ 4} The driver of the other vehicle then called the Ohio State Highway Patrol on a cellular phone, stating that he believed appellant might have been under the influence of alcohol. The driver stayed on the cellular phone, continuing to follow appellant's vehicle. When troopers pulled over appellant, the caller identified appellant's vehicle as the one that struck his car.

{¶ 5} Ohio State Highway Patrol Troopers Brian DePizzo and Brett Gockstetter pulled appellant off the highway into a rest area along Route 2 in Ottawa County. DePizzo testified that he noted an odor of an alcoholic beverage inside the vehicle and that appellant had slurred speech and responded slowly to questions. DePizzo then asked appellant to exit the vehicle so that Gockstetter could administer field sobriety tests. Gockstetter testified that appellant had a

strong alcoholic odor about him and spoke slowly with slurred speech and, when appellant removed his sunglasses for the administration of the field sobriety tests, appellant's eyes were red, glassy, and bloodshot.

{¶ 6} Gockstetter administered the field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test. Gockstetter testified that appellant displayed six out of six clues on the horizontal gaze nystagmus test, seven out of eight clues on the walk-and-turn test, and four out of four clues on the one-leg-stand test, all of which indicated that appellant was under the influence of alcohol. Gockstetter placed appellant under arrest, advised him of his *Miranda* rights, and drove him to the Ohio State Highway Patrol post in Sandusky where Gockstetter administered a breath-alcohol test to appellant. The result indicated an equivalent blood-alcohol level of 0.215 percent. On September 3, 2003, appellant moved to suppress the result of the tests, arguing that the trooper's administration of the field sobriety tests was inconsistent with the compliance of standardized testing procedures demanded in *State v. Homan* (2000), 89 Ohio St.3d 421, 424, 732 N.E.2d 952.

{¶ 7} At the hearing on the motion to suppress, both troopers testified to their training, their experience in administering the field sobriety tests, and the manner in which field sobriety tests were administered to appellant. Appellant testified that he has had several injuries, including burns over 45 percent of his body, damage to his hands, multiple fractures of his right leg, and several concussions, but he failed to explain the significance of these conditions.

{¶ 8} The trial court denied the motion to suppress. The court found that "the manner in which the tests were conducted were consistent with the standards promulgated in *Homan*." In addition, the court held that "reasonable articulable suspicion existed to stop [appellant]" and probable cause existed for his arrest. Appellant subsequently pleaded no contest and was found guilty of a violation of R.C. 4511.19(A)(1), driving under the influence of alcohol. He was sentenced to 90 days in jail, 70 days suspended; a $750 fine; a one-year license suspension; and two years' probation.

{¶ 9} Appellant now raises the following single assignments of error:

{¶ 10} "1. The court committed prejudicial error in denying the defendant's motion to suppress evidence."

{¶ 11} When considering a motion to suppress, the trial court serves as the trier of fact. *State v. Fanning* (1982), 1 Ohio St.3d 19, 20, 1 OBR 57, 437 N.E.2d 583. The trier of fact evaluates the evidence and the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. On review, the trial court's findings of fact will not be disturbed if they are supported

4

by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726.

{¶ 12} Appellant asserts that the field sobriety tests in this case should not have been considered as evidence of probable cause for his arrest. Without the results of the field sobriety tests, according to appellant, no other probable cause for his arrest existed.

{¶ 13} Appellant premises his argument on our holding in *State v. Nickelson* (July 20, 2001), 6th Dist. No. H–00–036, 2001 WL 1028878, asserting that when in a motion to suppress a movant challenges the manner in which an officer conducted field sobriety tests, it is the state's burden to prove the propriety of the tests. Appellant insists that the state failed to satisfy its burden, presenting only generalized testimony from the trooper who administered appellant's tests that these tests were in conformity with regulations.

{¶ 14} The Ohio Supreme Court has held that "in order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." *State v. Homan*, supra, 89 Ohio St.3d 421, 732 N.E.2d 952, at paragraph one of the syllabus. Strict compliance requires following the National Highway Traffic Safety Administration's test in the prescribed, standardized manner. Id. at 424, 732 N.E.2d 952.

{¶ 15} *Nickelson*, supra, involved the administration of field sobriety tests by a Norwalk, Ohio police officer who did not strictly comply with standardized testing procedures. In *Nickelson*, the defendant contended in his motion to suppress that, pursuant to *Homan*, evidence of his field sobriety tests should be suppressed because, in several specific instances, the tests were incorrectly performed. Nickelson cited the National Highway Safety Manual provisions that he believed were violated.

{¶ 16} In *Nickelson*, we stated:

{¶ 17} "The Supreme Court of Ohio has held that when evidence is obtained pursuant to a warrantless search or seizure, the defendant must initially: (1) demonstrate that the search or seizure was warrantless; and (2) state the grounds on which he challenges the search or seizure with enough particularity to put the state on notice of the basis for his challenge." *Nickelson*, citing *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph one of the syllabus.

{¶ 18} In this matter, appellant's motion to suppress reads "1. There was no * * * probable cause to arrest defendant without a warrant. The officer administered the 'standard field sobriety tests' inconsistent with the manual on said tests, rendering their validity compromised."

{¶ 19} In the memorandum supporting the motion, appellant failed to address the issue with more specificity, instead merely stating that "[t]he tests were not administered utilizing the required test conditions, standardized instructions and procedures, nor scored using the standardized scoring." Particular issues with the testing were not identified, and appropriate sections of the manual were not cited, nor were specific connections made between appellant's physical injuries and the administration of the field sobriety tests. Appellant thus failed the particularity requirement of the *Nickelson* test. As a result, the state had insufficient notice of the specific deficiencies in the field sobriety tests that appellant alleged.

■■ {¶ 20} Moreover, even without evidence of the field sobriety tests, probable cause existed to believe appellant was driving under the influence of alcohol. Probable cause is determined by the totality of circumstances. *Homan,* 89 Ohio St.3d at 427, 732 N.E.2d 952; *State v. Black* (Jan. 16, 2001), 6th Dist. No. F–03–010, 2004 WL 88857. Appellant had an odor of alcohol on him, glassy and bloodshot eyes, and slurred his speech. Appellant admitted drinking alcohol in his vehicle. Another driver, the victim of a rear-end collision with appellant, called the Ohio State Highway Patrol in order to report suspicion of appellant's intoxication. This caller remained on the phone and later identified appellant's vehicle when appellant was pulled over by the highway patrol. Accordingly, the troopers had knowledge of facts and circumstances sufficient to warrant a prudent person's believing that appellant was driving under the influence of alcohol. See *Beck v. Ohio* (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142.

{¶ 21} Based on the foregoing, we conclude that appellant's sole assignment of error is not well taken.

{¶ 22} On consideration whereof, the court finds that substantial justice was done to the party complaining, and the judgment of the Erie County Court is affirmed.

Judgment affirmed.

HANDWORK and PIETRYKOWSKI, JJ., concur.