DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, V.S., Jr., a minor, appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, denying his motion to suppress. We affirm the decision of the juvenile court.
 {¶ 2} On October 22, close to midnight, University of Akron Police Officer, Aaron Burnette, pulled over the vehicle that Defendant was driving. Defendant thereafter was charged in delinquent case number 04-11-5250 with one count of underage consumption of alcohol, a violation of R.C. 4301.69, and one count of curfew violation, under Akron City Ordinance 139.06. In traffic case number 04-602799, Defendant was charged with one count of OVI, under R.C. 4511.19A(1)(a), prohibited blood alcohol content under R.C. 4511.19(B)(3), seat belt violation under R.C.4513.263, and failure to travel within marked lanes, in violation of R.C. 4511.33.
 {¶ 3} Defendant filed a motion to suppress on December 1, 2004, alleging that the police lacked reasonable suspicion to stop his vehicle and to arrest him, and that the results of his breathalyzer test should be suppressed. The juvenile court held an evidentiary hearing on January 25, 2005, and thereafter, on February 18, 2005, overruled Defendant's motion to suppress.
 {¶ 4} Defendant then pled no contest to operating under the influence, prohibited blood content, failure to drive within marked lanes and curfew violation. Defendant was sentenced to six months license suspension, alcohol assessment, and a fine and costs. Defendant also pled no contest to underage consumption and a curfew violation. The juvenile court sentenced Defendant to a substance abuse evaluation and to follow through with all recommendations in his traffic case. Defendant now asserts three assignments of error for our review. To facilitate ease of discussion, we will consider Defendant's assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in finding that there existed reasonable suspicion to justify the stop of the motor vehicle driven by [Defendant]."
 ASSIGNMENT OF ERROR II
"The trial court erred in finding that probable cause existed to arrest [Defendant] for operating a motor vehicle under the influence of alcohol and/or drugs in violation of [R.C.] 4511.19(A)(1)(a)."
 ASSIGNMENT OF ERROR III
"The trial court erred in finding that the breathalyzer test should not have been suppressed as a result of the state of Ohio denying [Defendant] the right to call his parents."
 {¶ 5} In each of his three assignments of error, Defendant argues that the juvenile court erred in denying his motion to suppress because the police lacked a reasonable ground to stop him and did not have probable cause to arrest him. Defendant also claims that the evidence and information seized from him was in violation of his constitutional rights, and should have been suppressed.
 {¶ 6} The review of a motion to suppress presents a mixed question of fact and law for an appellate court. State v. Yeager, 9th Dist. Nos. 21091, 21112, and 21120, 2003-Ohio-1808, at ¶ 5, citing State v. Long
(1998), 127 Ohio App.3d 328, 332. This court "`is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence.'" State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at 5, quoting State v. Searls (1997), 118 Ohio App.3d 739, 741. However, an appellate court reviews de novo the trial court's application of the law to those facts. Robinson, supra, at 5, citing Searls, supra at 741.
 {¶ 7} We first will turn to the issue of whether the police had a reasonable ground to stop Defendant. While we defer to the lower court's findings of fact that are supported by credible evidence, we note that the ultimate question of whether the officer had reasonable suspicion to stop Defendant is subject to a de novo review. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9, citing Ornelas v. United States
(1996), 517 U.S. 690, 134 L.Ed.2d 911.
 {¶ 8} An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999),87 Ohio St.3d 295, 299. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716, at 4.
 {¶ 9} At the suppression hearing, Officer Burnette testified that the vehicle driven by Defendant appeared to be weaving within the traffic lane. Officer Burnette noticed that there were more people in the vehicle than it was designed to carry. He stated that "people were laying sideways in the backseat, and the occupants began to turn around and look at [him] and then bend over within the vehicle and appeared to be hiding something." The four to five passengers in the backseat of the vehicle "appeared to be concerned that [Officer Burnette] was [behind them]," and they looked very young to the Officer, who noted that the City of Akron imposed an 11:00 p.m. curfew for juveniles. Officer Burnette also noticed that neither the driver nor the other front seat passenger were wearing their seatbelts. Based upon the above observations, Officer Burnette initiated an investigatory traffic stop.
 {¶ 10} An officer is justified in making a traffic stop if he observed a violation of a traffic law, such as failure to wear seatbelts, as was observed in this case. See Shook, supra. "[I]f the traffic stop is based on a traffic violation * * * which occurred in the officer's presence, the officer possesses probable cause to stop the vehicle." State v.Miller (May 23, 2001), 9th Dist. No. 20227, at 6.
 {¶ 11} Additionally, Officer Burnette observed that the back seat passengers were "very young." Some of those passengers were laying on top of each other, they kept looking back at Officer Burnette, and they appeared to him to be hiding something. As it was almost midnight when Officer Burnette observed the vehicle and the young passengers, he could have conducted an investigative stop to determine if they were violating the 11:00 p.m. curfew. In Ohio, "an officer does not need probable cause to make a traffic stop; reasonable suspicion based on specific and articulable facts that a traffic law is being violated * * * is sufficient to meet constitutional requirements.'" State v. Lloyd (1998),126 Ohio App.3d 95, 102, quoting In re Eric W., Alleged DelinquentChild (1996), 113 Ohio App.3d 367, 369-70. In the case at hand, the officer had both probable cause to stop the vehicle based on his observation of a traffic law violation, and reasonable suspicion to conduct an investigatory stop based upon his suspicion that the occupants were violating curfew.
 {¶ 12} Taken as a whole, the facts and circumstances surrounding the traffic stop support a reasonable, articulable suspicion that Defendant was in violation of a law. R.C. 4513.263 requires the driver and passenger to wear seat belts, which the Officer observed that they had failed to do. R.C. 4511.33 makes it a minor misdemeanor to weave within a lane of traffic, which Officer Burnette also observed, and Akron City Ordinance 139.06 provides for an 11:00 p.m. curfew, which the Officer believed, based on what he had observed, was being violated. The United States Supreme Court has held that a traffic stop is lawful, regardless of an officer's motives in stopping a vehicle, so long as a reasonable officer could stop the vehicle for a traffic violation. See Whren v.United States (1996), 517 U.S. 806, 809, 813, 135 L.Ed.2d 89. In the case at hand, a reasonable officer could have stopped the vehicle for a traffic violation, as the Officer did. Thus, Defendant's arguments that the initial stop was unconstitutional are invalid.
 {¶ 13} Having found that Defendant was lawfully stopped, we turn to whether his arrest was based on probable cause. Probable cause for arrest for driving under the influence exists if, "at the moment of the arrest, the totality of the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that the suspect had violated R.C. 4511.19." State v. Gunther, 4th Dist. No. 04CA25,2005-Ohio-3492, at ¶ 20. (Citations omitted). A court must evaluate the totality of the circumstances in making this determination. State v.McCaig (1988), 51 Ohio App.3d 94, 94. "The totality of the facts and circumstances can support a finding of probable cause to arrest [for driving under the influence] even where no field sobriety tests were administered [.]" State v. Homan (2000), 89 Ohio St.3d 421, 427.
 {¶ 14} In the case at hand, when Officer Burnette approached Defendant to ask for a driver's license, he "immediately detected a moderate odor of an alcoholic beverage coming from the [underage] driver." After administering a few field sobriety tests, two of which Defendant failed, Officer Burnette noted that there were four out of six factors indicating that Defendant was under the influence of alcohol.
 {¶ 15} Officer Burnette called Officer Helmick, the officer in charge of the night shift on the night in question, to come and conduct field sobriety tests. She also testified at the suppression hearing that she smelled the odor of alcohol coming from Defendant. She also performed field sobriety tests and detected four of six clues that Defendant was driving under the influence. In addition to the above evidence, an open, half-full bottle of liquor was found in the vehicle. We find that, based on the above recited facts, probable cause existed for arrest for violation of R.C. 4511.19. See, also, State v. Smith, 162 Ohio App.3d 1,2005-Ohio-2103, at ¶ 20.
 {¶ 16} Appellant next argues that since he was not permitted to make a telephone call to his mother before a breathalyzer test was administered, that those test results should be suppressed. Suppression of evidence by virtue of the application of the exclusionary rule is reserved for violations of constitutional rights. State v. August (Dec. 14, 1998), 3rd Dist. No. 5-98-31, at 2. The constitution does not provide a special right to juveniles to telephone a parent before a breathalyzer is administered.
"[A] `motion to suppress' [is a] device used to eliminate from the trial of a criminal case evidence which has been secured illegally, generally in violation of the Fourth Amendment (search and seizure), the Fifth Amendment (privilege against self incrimination), or the Sixth Amendment (right to assistance of counsel)[.]" Hilliard v. Elfrink
(1996), 77 Ohio St.3d 155, 158, quoting Black's Law Dictionary (6 Ed. 1990) 564.
 {¶ 17} The Fourth Amendment provisions are inapplicable to the argument at hand; Defendant does not argue that an illegal search and seizure occurred. Likewise, the Fifth Amendment does not apply. The Fifth Amendment privilege against self-incrimination does not apply to a test like a breathalyzer that is designed to develop physical, and not testimonial, evidence. State v. Perez, 1st Dist. Nos. C-040363, C-040364, C-040365, 2005-Ohio-1326, at ¶ 16. Finally, the Sixth Amendment does not provide a right to call a parent before a breathalyzer test is administered. The Sixth Amendment right to counsel applies only to the critical stages of the proceedings against the accused. U.S. v.Wade (1967), 388 U.S. 218, 18 L.Ed.2d 1149. The performance of a breath test is not a critical stage, and is beyond the ambient of the Sixth Amendment protection. See McNulty v. Curry (1975), 42 Ohio St.2d 341, 344, See, also, Fairborn v. Mattachione (1995), 72 Ohio St.3d 345, 346. In conclusion, Defendant's motion to suppress the results of his breathalyzer test was properly denied.
 {¶ 18} We overrule Defendant's three assignments of error and affirm the decision of the Summit County Juvenile Court denying his motion to suppress.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J. concurs.