DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant, Diane S. Lacerva, appeals the denial of her motion to suppress by the Cuyahoga Falls Municipal Court. Appellee City of Twinsburg did not file an appellate brief. We affirm.
 {¶ 2} On July 13, 2007, Defendant pled no contest to, and was found guilty of, one count of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a); one count of blood alcohol concentration ("BAC") in violation of R.C. 4511.19(A)(1)(d); and one count of marked lanes, in violation of R.C. 4511.33. Prior to entering her plea and being found guilty, Defendant filed a motion to suppress "any and all evidence of the charges of Driving Under the *Page 2 
Influence," as such was obtained in violation of Defendant's constitutional and statutory right to counsel. The trial court denied Defendant's motion to suppress on July 13, 2007.
 {¶ 3} Defendant timely appealed and raises one assignment of error.
 Assignment of Error "The trial court erred in overruling [Defendant's] motion to suppress on the ground of her statutory and constitutional right [sic] to counsel were violated pursuant to the Ohio Constitution and the Fourteenth Amendment of the United States Constitution and O.R.C. 2935.20."
 {¶ 4} Defendant asserts that after her arrest, but prior to the breathalyzer test being administered at the Twinsburg police station, Defendant was denied her request to speak to an attorney on three separate occasions in violation of her rights under theFourteenth Amendment to the United States Constitution and R.C. 2935.20. Defendant points this Court to pages 6, 8 and 12 of the arrest transcript as evidencing her request for counsel and the police officers' denials of her requests.
 {¶ 5} A motion to suppress presents a mixed question of fact and law for our review. State v. Yeager, 9th Dist. Nos. 21091, 21112, and 21120, 2003-Ohio-1808, at ¶ 5, citing State v. Long (1998),127 Ohio App.3d 328, 332. This Court "`is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence."` State v. Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at 5, quoting *Page 3 State v. Searls (1997), 118 Ohio App.3d 739, 741. "However, an appellate court reviews de novo the trial court's application of the law to those facts." In re V.S., Dist. No. 22632, 2005-Ohio-6324, at ¶ 6, citingRobinson at 5; Searls, 118 Ohio App.3d at 741.
 {¶ 6} "The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides criminal defendants with the fundamental right to counsel." Akron v.Ragle, 9th Dist. No. 22137, 2005-Ohio-590, at ¶ 9, citing Gideon v.Wainwright (1963), 372 U.S. 335. However, as we stated in In re V.S,Jr., 9th Dist. No. 22632, 2005-Ohio-6324:
 "The Sixth Amendment right to counsel applies only to the critical stages of the proceedings against the accused. U.S. v. Wade (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The performance of a breath test is not a critical stage, and is beyond the ambient of the Sixth Amendment protection. See McNulty v. Curry
(1975), 42 Ohio St.2d 341, 344, 328 N.E.2d 798, See, also, Fairborn v. Mattachione (1995), 72 Ohio St.3d 345, 346, 650 N.E.2d 426. In conclusion, Defendant's motion to suppress the results of his breathalyzer test was properly denied." Id. at ¶ 17.
Pursuant to In re V.S, the trial court did not violate Defendant'sFourteenth Amendment right to counsel when it denied Defendant's motion to suppress.
 {¶ 7} Similarly, "the Ohio Supreme Court has ruled that `the exclusionary rule [does not] lie as a remedy for police violation of the accused's statutory right to counsel under Section 2935.20 of the Revised Code in a prosecution arising under Section 4511.19(A)(3) of the Revised Code such that the prosecution should be precluded from presenting evidence of the results of an otherwise admissible *Page 4 
breath alcohol content analysis of the accused solely because of police failure to comply with Section 2935.20 of the Revised Code.'" State v.Luedy (Mar. 20, 1996), 9th Dist. No. 17399, at *2, quoting State v.Griffith (1996), 74 Ohio St.3d 554. Thus, even if the police officer failed to comply with R.C. 2935.20, the trial court did not err when it denied Defendant's motion to suppress.
 {¶ 8} Defendant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 1